The critical findings were not made here. The court never found either parent unfit. Although T.L.'s father was unable to provide a home for T.L., mother was providing a home for N.L., albeit with SRS supervision. Further, no findings were made concerning the best interests of the children. Because the court failed to make the required findings, we cannot uphold a transfer of custody.

*The disposition order is vacated, and the cause is remanded.*

## In re L.B.

[725 A.2d 935]

No. 98-215

February 3, 1999. Mother appeals an order of the family court granting guardianship of her son L.B. to L.B.'s maternal grandparent. We affirm in part and reverse in part.

On January 23, 1998, a delinquency petition was filed alleging that L.B. had assaulted his mother by throwing a Sega paddle at her. In a March 19, 1998 order, the family court (1) found that L.B. threw a Sega paddle at his mother, injuring her; (2) concluded that L.B. was a delinquent child; (3) ordered temporary custody to the Department of Social and Rehabilitation Services (SRS); and (4) ordered a disposition report. The disposition report recommended that L.B. be placed with his grandparents. In an April 29, 1998 order the court (1) noted that L.B. had been adjudged to be delinquent; (2) ordered that L.B. be placed under protective supervision of SRS; (3) ordered that guardianship go to L.B.'s maternal grandparent (with residual rights and reasonable visitation to mother); and (4) made the order effective until L.B. reached 18 years of age.

Mother argues on appeal that the family court lacked jurisdiction to transfer guardianship to L.B.'s grandparent in the context of the delinquency proceeding and that the court failed to make required findings that the grandparent was qualified to receive and care for L.B. SRS concedes that 33 V.S.A. § 5529 (pertaining to disposition of delinquent child) does not contain a provision authorizing the court to transfer custody in connection with an adjudication of delinquency. SRS argues, however, that the family court has broad authority to establish terms and conditions of juvenile probation, and that this includes the authority to transfer custody of the juvenile to an appropriate person.

If a child is found in need of care and supervision (CHINS), a court has three options under 33 V.S.A. § 5528: it may (1) permit the child to remain with the current caregiver, (2) place a child under protective supervision, or (3) transfer legal custody to SRS, a foster group home, a qualified individual, or a child placing agency. If a child is found to be delinquent, the court also has three options under 33 V.S.A. § 5529: it may (1) place the child under protective supervision, (2) place the child on probation, or (3) transfer custody to SRS. Given that the Legislature specifically included the option of transferring custody to a qualified individual in the context of a CHINS proceeding, it could have easily included this option in the section pertaining to delinquency proceedings if that were its intent. It did not, however, and we have no basis upon which to infer such intent.

Under 33 V.S.A. § 5529(a)(1) the family court may in the context of a delinquency proceeding place a child under protective supervision, subject to conditions, and thus we allow that portion of the order to stand. The court was without authority, however, to transfer custody in this context.

Given our disposition, we need not reach the second issue raised by mother on appeal.

*Order of protective custody affirmed. Reversed and remanded in all other respects.*

**MYRTLE REBEKAH LODGE #6 of Proctorsville v. CAVENDISH LIBRARY TRUSTEES of Cavendish, Vermont**

[726 A.2d 86]

No. 97-421

February 8, 1999. Cavendish Library Trustees (Trustees) appeal a declaratory judgment by the Windsor County Superior Court that a parcel of land in the Village of Proctorsville has reverted to the Myrtle Rebekah Lodge #6 of Proctorsville (Lodge) because the land is no longer used for library purposes. The Trustees claim the court erred in concluding that the land has ceased to be used for library purposes and in declaring that under the terms of the deed the Lodge owns the parcel of property where the old Proctorsville Library was located. We affirm.

The facts as found by the trial court are as follows. In September 1948, the Proctorsville Fraternal Society conveyed to the Trustees a parcel of land (Proctorsville property), without a building, in the Village of Proctorsville to provide a new location for a town library because the owner of the land where the library stood no longer wished to accommodate the library on his land. The deed provided in relevant part:

> It is a further condition of this deed that the said parcel conveyed shall be used for library purposes only, and if this condition be violated, then the conveyed parcel shall revert back to and become the property of the grantor or its assigns, and the grantee, its successors and as-

signs shall have the right to remove any building which may have been erected thereon, and also any heating plant that may have been installed, all for its own use.

The library building was moved to the Proctorsville property in 1948 or 1949, and the Trustees began operating its circulating library there.

The library operated continuously until July 1990, at which time the books and operations of the Proctorsville library were moved to a new library at the Cavendish Town Elementary School.* After the new library opened in Cavendish, the Proctorsville building ceased to be used as a circulating library. Because there is limited storage space in the new Cavendish library, however, the Trustees store approximately five-hundred uncatalogued books at the Proctorsville building, most of which will be used for book sales to raise money for the library. A group called React, a preschool playgroup sponsored by residents of Proctorsville, uses the building for two hours a week. React is not under the care, custody or control of the Cavendish Library Trustees and does not have any affiliation with the library. Although the group promotes reading activities among preschoolers, its activities are not related to library operations.

The library's mission statement, adopted in 1993 but similar to the mission statement of the library during the period of development of the new library, provides: "The Cavendish Community Library promotes the exchange of ideas, stimulates thought, and supports lifelong

---

*By warranty deed on August 2, 1991, the Proctorsville Fraternal Society conveyed all of its interests in real property in the Village of Proctorsville, including its reversionary interest in the Proctorsville property, to the Lodge.